**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000486**
**05-MAR-2021**
**07:45 AM**
**Dkt. 59 SO**

NO. CAAP-19-0000486

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DENEANE M. HAMBY, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-19-00046)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Deneane M. Hamby (**Hamby**) appeals from the Judgment and Notice of Entry of Judgment, filed on June 5, 2019, in the District Court of the Second Circuit, Wailuku Division (**district court**).[1]

After a bench trial, the district court convicted Hamby of operating a vehicle under the influence of an intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp 2019).[2]

---

[1]  The Honorable Kirstin M. Hamman presided.

[2]  HRS § 291E-61(a)(1) states, in relevant part:
> (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
> (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Hamby claims the district court failed to conduct an adequate <u>Tachibana</u> colloquy.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm.

The validity of a defendant's waiver in a criminal case of the right to testify is a question of constitutional law reviewed by this court under the right/wrong standard.  <u>State v. Celestine</u>, 142 Hawai'i 165, 169, 415 P.3d 907, 911 (2018).

> The constitutional right to testify is violated when the <u>Tachibana</u> colloquy is inadequate to provide an "objective basis" for finding the defendant "knowingly, intelligently, and voluntarily" relinquished his or her right to testify.  In determining whether a waiver of the right to testify was voluntarily and intelligently made, this court looks to the totality of the facts and circumstances of each particular case.

<u>Id.</u> at 171, 415 P.3d at 913 (internal citations omitted).

In this case, the district court advised Hamby pre-trial of her rights to testify and not testify, which Hamby does not challenge.  Rather, Hamby challenges the following colloquy:

> [DEFENSE COUNSEL]:  Um, we don't have any witnesses.
> Defense rests.
> I know that you have to colloquy my client about her right to testify.
>
> THE COURT:  Right.  All right.
> So, Ms. Hamby, I have some questions for you.
>
> THE DEFENDANT: Okay.
>
> THE COURT: As we discussed, ah, prior to the start of the trial, you do have a constitutional right to testify in your own defense.  Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And although you should consult with your lawyer regarding the decision to testify, it is your decision and no one can prevent you from testifying should you choose to do so.  Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right.  If you decide to testify, the prosecutor will be allowed to cross-examine you.  Do you understand?

THE DEFENDANT: Yes.

THE COURT: All right.  And you also have the constitutional right not to testify and to remain silent.  Do you understand?

THE DEFENDANT: Yes.

THE COURT: If you choose not to testify the Court can not and will not hold your silence against you in deciding your case.  Do you understand?

THE DEFENDANT: Yes.

THE COURT: All right.  And again, you should consult with your lawyer regarding the decision not to testify, but the decision not to testify and to remain silent is your decision and nobody can force you to testify.  Do you understand?

THE DEFENDANT: Yes.

THE COURT: All right.  Do you have any questions?

THE DEFENDANT: Um, I don't have any questions.  I just have one comment.  Ah, you know, in regards to my walking, if you can --

THE COURT: So, I -- I'm asking if you have any questions about –

THE DEFENDANT: No.  No.

THE COURT: It sounds like you're trying to tell me something about the case, ah, but your attorney has told me that you wish, ah, to remain silent.

THE DEFENDANT: Okay.

THE COURT: So, but it is your decision if you wish to testify.  Um, it's your decision to make with in -- consultation with your attorney.  But ultimately it's your decision.  So have you made a decision about whether you will testify or not?

THE DEFENDANT: I don't -- not going to testify.

THE COURT: All right.  Is anybody, um, forcing you to not testify or coercing you or promising you anything to not testify?

THE DEFENDANT: No.

THE COURT: All right.  The Court will find that the defendant has knowingly, intelligently, and voluntarily waived the right not to testify and to remain silent.  Okay.

(a) Hamby's argument that her right to testify was violated because the district court failed to obtain a waiver of her right to testify immediately *before* she rested her case lacks

merit in this case.  In <u>Tachibana</u>, the Hawaiʻi Supreme Court stated that the ideal time for a court to conduct the <u>Tachibana</u> colloquy in a jury trial is immediately prior to the close of the defendant's case, because of the potential prejudice to the defendant if the colloquy is conducted after the defense rests and the defendant then asserts a right to testify.  <u>Tachibana v. State</u>, 79 Hawaiʻi 226, 237, 900 P.2d 1293, 1304 (1995).  Even then, the supreme court noted:

> If the trial court is unable to conduct the colloquy at that time, however, such failure will not necessarily constitute reversible error. If a colloquy is thereafter conducted and the defendant's waiver of his or her right to testify appears on the record, such waiver will be deemed valid unless the defendant can prove otherwise by a preponderance of the evidence.

<u>Id.</u>  In this case, Hamby was tried in a bench trial.  Hamby presents no basis suggesting a similar potential for prejudice in a bench trial and presents no evidence of actual prejudice in this case.  Furthermore, the supreme court noted in <u>Tachibana</u>:

> Of course, the trial court judge cannot independently foresee when the defense is on the verge of resting and conduct the colloquy at that precise moment. Consequently, the trial courts will require the cooperation of defense counsel to enable them to conduct the colloquy immediately prior to the close of the defendant's case.

<u>Id.</u> at 237 n.9, 900 P.2d at 1304 n.9.  Here, immediately after the district court ruled on a motion for judgment of acquittal, defense counsel stated the defense had no witnesses and the defense rests.  The district court immediately thereafter initiated the <u>Tachibana</u> colloquy.

Given the circumstances in this case, we conclude Hamby's right to testify was not violated based on when the <u>Tachibana</u> colloquy occurred.

(b) Hamby argues that her waiver of the right to testify was invalid because the district court found that she waived her right "*not* to testify" but failed to find she waived her right "*to* testify."

4

The district court's finding appears inconsistent with the record.[3]  Nonetheless, a reviewing court is not bound by the trial court's finding of a valid waiver, but by the record.

> Appellate review of the sufficiency of the Tachibana colloquy is *necessarily based on a cold record.*  We are tasked with *scrutinizing the language used by both the court and the defendant to* assess whether a defendant knowingly, intelligently, and voluntarily waived his or her right to testify.  *That task cannot be accomplished were we to defer to the trial court's apparent assessment of the defendant's understanding* whenever the express language on the record leaves us with any doubt about the validity of the colloquy and/or the defendant's waiver.

State v. Pomroy, 132 Hawai‘i 85, 93 n.7, 319 P.3d 1093, 1101 n.7 (2014) (emphasis added).

Here, the record shows that Hamby knowingly, intelligently, and voluntarily waive her right to testify.

There are two components of a Tachibana colloquy.  The first is informing the defendant of fundamental principles pertaining to the right to testify and the right not to testify, which should consist of the following:

> that he or she has a right to testify, that if he or she wants to testify that no one can prevent him or her from doing so, and that if he or she testifies the prosecution will be allowed to cross-examine him or her.  In connection with the privilege against self-incrimination, the defendant should also be advised that he or she has a right not to testify and that if he or she does not testify then the jury can be instructed about that right.

Tachibana, 79 Hawai‘i at 236 n.7, 900 P.2d at 1303 n.7 (citations and brackets omitted).

The second component involves the trial court engaging in a "true 'colloquy' with the defendant," which "consists of a verbal exchange between the judge and the defendant in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights."  Celestine, 142 Hawai‘i at 170, 415 P.3d at 912 (citations and quotation marks omitted) (emphasis

---

[3]  The district court stated "that the defendant has knowingly, intelligently, and voluntarily *waived the right not to testify* and to remain silent," but did not state that the defendant waived the right *to* testify.  The statement appears to be in error because Hamby decided not to testify.

in original).  The "trial court [should] engage in a verbal exchange with the defendant at least twice during the colloquy in order to ascertain the defendant's understanding of significant propositions in the advisement."  Id. (citation and quotation marks omitted).

Here, the district court advised Hamby that:  she had the right to testify and the right to not testify; no one can prevent her from testifying if she wants to or force her to testify if she does not want to; the prosecution will be allowed to cross-examine her if she testifies; if she does not testify, then the district court cannot consider that against her in deciding her case.  The district court gave the first advisement prior to trial and gave the second advisement immediately after the defense rested, and Hamby stated she would not be testifying.  During each advisement, the district court asked Hamby several times whether she understood her rights, and Hamby unequivocally indicated that she did.  Thus, the district court's colloquy was adequate to indicate that Hamby knowingly, intelligently, and voluntarily waived her right to testify.

(c) Hamby argues that her waiver was nonetheless invalid because the district court failed to suspend the colloquy when she indicated an intent to speak so that she and her counsel could resolve the discrepancy.  This argument lacks merit, as Hamby's post-colloquy comments do not reflect doubt or uncertainty about her right-to-testify.  Cf. Pomroy, 132 Hawaiʻi at 93, 319 P.3d at 1101 (finding the waiver to be invalid because the defendant repeatedly expressed doubt and uncertainty over what the trial court was telling him regarding his right-to-testify).  Hamby did not express any doubt or uncertainty about her rights.  Hamby clearly stated: *"I don't have any questions*, I just have one comment.  Ah, you know, in regards to my walking, if you can --"[4]  That Hamby wanted to tell the district court

_____

[4]  In this case, Officer Justin Reiner testified that he stopped Hamby's vehicle after observing it swerve and cross traffic lanes several times.  He also conducted a field sobriety test, during which Hamby stumbled twice.

something about the case does not mean that she wanted to *testify* about it, or that she had any confusion, doubt, or uncertainty about her *rights* regarding *testimony*.  If anything, Hamby's response confirmed her understanding that if she wanted to bring any additional facts into evidence, it would have to be in the form of testimony, and that she did not want to testify.  After Hamby's comment, the district court told Hamby the decision to testify was her decision to make in consultation with her attorney.  Thereafter, Hamby told the court she was not going to testify.

Under the right/wrong standard, the totality of the circumstances indicate that Hamby knowingly, intelligently, and voluntarily waived her right to testify.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, filed on June 5, 2019, in the District Court of the Second Circuit, Wailuku Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, March 5, 2021.


On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
William H. Jameson, Jr.,
Deputy Public Defender,                 /s/ Keith K. Hiraoka
for Defendant-Appellant.                Associate Judge

Gerald K. Enriques,                     /s/ Karen T. Nakasone
Deputy Prosecuting Attorney,            Associate Judge
for Plaintiff-Appellee.